UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____-Civ

**JERMAN DAWSON**,

Plaintiff,

    -v-

**UNITED STATES
OF AMERICA**,

Defendant.

_____/

**COMPLAINT**

COMES NOW the Plaintiff, JERMAN DAWSON, by and through his undersigned counsel, and sues the Defendant, United States of America, for the actions of the United States Postal Service, and alleges:

*PARTIES, JURISDICTION AND VENUE*

1. This is an action for negligence with damages in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

2. Plaintiff, JERMAN DAWSON, is a resident of Miami-Dade County, Florida.

3. The United States Postal Service is an agent of the United States of America.

4. This Federal District Court has jurisdiction in this cause of action because it is brought pursuant to and in compliance with 28 USC §1346(b), §2401(b) and §§2671-2680 et seq, commonly known as the "Federal Tort Claims Act, which

vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

5. Venue is proper in this district pursuant to 28 USC §1402 (b) as the United States of America is a Defendant and a substantial part of the events giving rise to the claim occurred in this district.

## *COMPLIANCE WITH STATUTORY SCHEME*

6. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 USC §§2627-2680, commonly referred to as the "Federal Tort Claims Act" (FTCA). Liability of Defendant, UNITED STATES OF AMERICA, is predicated specifically on Title 28 §1346(b)(1) and 274 because the personal injuries and resulting damages of which complaint is made were proximately caused by the negligence of an employee and/or agent of the United States of America through its agency, the United States Postal Service in Miami-Dade County, Florida, which acting within the scope of his employment under circumstances where Defendant, if a private person, would be liable to Plaintiff, JERMAN DAWSON, in the same manner and to the same extent as a private individual under the laws of the State of Florida.

7. Plaintiff, JERMAN DAWSON, pleads pursuant to Title 28 USC §§2672 and 2675(a) that the claims set forth herein were timely filed with and presented administratively to the Defendant's agency, the United States Postal Service on or about October 2, 2020. True and correct copies of claims are attached hereto

and incorporated by reference as Composite Exhibit "A". The United States Postal Service failed to resolve Plaintiff's claim at the end of the statutory six (6) month period. The United States Postal Service's failure to resolve Plaintiff's claim within the required time-period constitutes denial by the Defendant. This action is filed in the appropriate district within six (6) months of the date of said denial. Accordingly, Plaintiff, JERMAN DAWSON, has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this litigation.

8. The United States Postal Service is an agency of the Defendant. Defendant, through its agency, employs mail carriers that deliver mail for the United States Postal Service. They are deemed federal employees and therefore, the claim is properly brought pursuant to the FTCA.

## ***GENERAL FACTS***

9. At all times material, Alexander J. Pinera delivered mail to residents of Miami-Dade Florida and was an agent, servant and/or employee of the Defendant, United States of America, through its agency, the United States Postal Service. Alexander J. Pinera was at all times acting within the course and scope of such employment.

10. On January 30, 2020, the mail carrier, Alexander J. Pinera, was traveling north on Southwest 24th Street approaching the intersection of Southwest 74th Avenue in Miami-Dade County, Florida.

11. Plaintiff, JERMAN DAWSON, was a bicyclist traveling west on the sidewalk on Southwest 24th Street approaching the intersection of Southwest 74th Avenue.

12. Plaintiff, JERMAN DAWSON, was traveling west on the sidewalk on Southwest 24th Street when Alexander J. Pinera failed to slow and stop for the posted Stop Sign and collided with the bicycle in which Plaintiff, JERMAN DAWSON, was riding, causing the Plaintiff to suffer injuries to his left ankle, right shoulder, neck and back.

### *COUNT I – NEGLIGENCE*

13. Plaintiff, JERMAN DAWSON, hereby adopts and incorporates by reference the allegations contained in paragraphs 1 through 12 above.

14. At all times material, Defendant, United States of America, through its agent, servant and/or employee, Alexander J. Pinera, owed a duty to Plaintiff, JERMAN DAWSON, to operate a motor vehicle in a safe manner and/or in accordance with law.

15. At all times material, Defendant, United States of America, through its agent, servant and/or employee, Alexander J. Pinera, breached this duty by negligently operating the motor vehicle and causing said vehicle to drive through and strike the bicycle in which Plaintiff, JERMAN DAWSON, was riding.

16. This breach by Defendant, United States of America, was the direct and proximate cause of injuries or damages to Plaintiff, JERMAN DAWSON.

17. As a result of the negligence of Defendant, United States of America, and its agent, servant and/or employee, Plaintiff, JERMAN DAWSON, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will continue to suffer losses in the future.

**WHEREFORE**, Plaintiff JERMAN DAWSON demands judgment against Defendant, United States of America, for damages in excess of Seventy-Five Thousand Dollars ($75,000) together with costs of this action, and such further relief as this Court deems just and proper. Plaintiff also demands a jury trial on all issues so triable herein.

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11 by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing case la; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing: September 3, 2021

*/s/ Isabel D. Barroso, Esq.*

ISABEL DIAZ BARROSO, ESQ.

FBN: 0083366

Morgan & Morgan

12800 University Drive, Suite 600

Fort Myers, FL 33907

Phone: (239) 433-6880

Attorneys for Plaintiff

E-Mail: idiazbarroso@forthepeople.com